E-FILED
Thursday, 25 January, 2018  10:05:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Leland Foster, Individually,<br><br>　　　　Plaintiff,<br>v.<br><br>Von Maur, Inc., an Illinois corporation,<br><br>　　　　Defendant.<br>_____/ | Case No. 2:18-cv-2029 |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, Individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, Von Maur, Inc., an Illinois Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

2. Defendant Von Maur, Inc., upon information and belief, owns the business in the property located at 1350 Hickory Point Mall, Forsyth, IL 62535 in Macon County, IL, which is a Von Maur department store. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is properly located in the Central District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, Leland Foster an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

7. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events in central Illinois. Through his involvement in adaptive sports he has established friendships throughout Illinois. Further, Plaintiff is a member of a triathlon club based in Chicago, IL which also participates in events widely in central Illinois. Leland Foster frequents many establishments in the Macon County region, including the department store at issue, most recent occasions being on September 23, 2016, Nov 2, 2016 and on April 22, 2017. During the Plaintiff's visits to Defendant's store he encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at

the property have endangered Plaintiff's safety.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Von Maur is located at 1350 Hickory Point Mall, Forsyth, IL 62535.

10. Leland Foster has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Leland Foster desires to visit Von Maur not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Von Maur has shown that violations exist. These violations include, but are not limited to:

Restrooms

    A. The baby changing station in the men's restroom is located at an excess height and lacks required knee and toe clearance for use by disabled customers, in violation of the ADA whose remedy is readily achievable.

    B. The toilet compartment contains non-compliant grab bars, whereas their placement is incorrect, in violation of the ADA whose remedy is readily achievable.

    C. The flush control on the water closet in the men's accessible restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily

achievable.

D. The accessible toilet compartment door in the men's restroom lacks door pulls on both sides and is not self-closing, in violation of the ADA whose remedy is readily achievable.

E. The coat hook located in the accessible toilet compartment of the men's restroom is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

F. The men's restroom lavatory water supply and drain pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

G. The water closet seat in the men's restroom is mounted below the required height range above the finish floor, in violation of the ADA whose remedy is readily achievable.

H. Restroom signage is non-compliant with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

I. Upon information and belief, the women's restroom contains similar barrier to accessibility as the men's restroom, in violation of the ADA whose remedy is readily achievable.

<u>Access to Goods and Services</u>

J. There are service and transaction counters, as well as fixed credit card transaction machines throughout the store that exceed the allowable height, in violation of the ADA whose remedy is readily achievable.

<u>Fitting Rooms</u>

K. There are no designated accessible fitting rooms, where at least 5% are required but no fewer than one of each type of use in each cluster, in violation of the ADA whose remedy is readily achievable.

L. Fitting rooms have insufficient turning space, in violation of the ADA whose remedy is readily achievable.

M. Fitting rooms lack a bench compliant with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

N. Fitting rooms have clothing hooks and racks mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. Von Maur is a public accommodation and service establishment, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including

those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**WHEREFORE**, Plaintiff demands,

For **Count I**, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action.

Respectfully Submitted,
*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222 Toledo, OH 43615
 (419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to practice in U.S.D.Ct for Central IL